Submitted August 28, 2013, affirmed July 9, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH DAVID BELL,
*Defendant-Appellant.*

Josephine County Circuit Court
09CR0150; A149112

331 P3d 1062

Peter Gartlan, Chief Defender, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Schuman, Senior Judge.

SCHUMAN, S. J.

## SCHUMAN, S. J.

Defendant was convicted of assault in the fourth degree and interference with making a report, and the court sentenced him to a period of probation. One of the conditions of his probation was that he pay restitution, fines, and assessments. The state subsequently filed, and served defendant with, a motion to show cause why he had not made any payments. At the show cause hearing, the court found that defendant was in violation of the financial conditions of probation. As a consequence of that violation, the court extended defendant's probation for 12 additional months, required him to perform 32 hours of community service, and assessed a probation violation fee of $25. On appeal, defendant argues that the court failed to hold the state to its obligation to prove that defendant's failure to pay was a willful default as opposed to an unavoidable result of his poverty. He relies exclusively on *Bearden v. Georgia*, 461 US 660, 662, 103 S Ct 2064, 76 L Ed 2d 221 (1983), in which the Supreme Court held that a state could not revoke an indigent defendant's probation and imprison him for failure to pay fines and restitution "without determining that [the defendant] had not made sufficient bona fide efforts to pay or that adequate alternative forms of punishment did not exist." The state responds that *Bearden* does not apply here because defendant was not imprisoned for failure to pay; he merely had his period of probation extended and was required to perform community service. Even if *Bearden* does apply, the state contends that once the state established that defendant failed to meet the financial obligations of his probation, the burden to establish inability to pay fell to him, and he failed to meet that burden in this case. We affirm.

At the outset, we emphasize that the gravamen of defendant's claim is that the state violated his rights under the Fourteenth Amendment to the United States Constitution because the state failed to demonstrate that his failure to pay fines and restitution resulted from circumstances beyond his control. He does not dispute the finding that he made no payments, nor does he contend that his failure to make payments resulted from indigence; rather, he argues that the *state* had the obligation to prove that

he could have made payments but did not and that, at the least, the court had the obligation independently to ask him if his failure resulted from inability to pay. We also note that defendant advances no argument under any provision of the federal constitution beyond the Fourteenth Amendment, nor does he advance any argument under the Oregon Constitution.

With that understanding, we reject defendant's assignment of error. *Bearden* unequivocally does not apply to situations in which a probationer's failure to pay fines or restitution results in some sanction less onerous than imprisonment. The introductory paragraph of *Bearden* establishes the opinion's scope and foreshadows its outcome:

> "The question in this case is whether the Fourteenth Amendment prohibits a State from *revoking* an indigent defendant's probation for failure to pay a fine and restitution. Its resolution involves a delicate balance between the acceptability, and indeed wisdom, of considering all relevant factors when determining an appropriate sentence for an individual and the impermissibility of *imprisoning* a defendant solely because of his lack of financial resources. We conclude that the trial court erred in automatically revoking probation because petitioner could not pay his fine, without determining that petitioner had not made sufficient bona fide efforts to pay or that *adequate alternative forms of punishment did not exist.*"

*Id.* at 661-62 (emphases added). The opinion, then, opens with a statement limiting its scope to probation revocations that result in imprisonment, and it implies that imposing lesser forms of punishment would not violate the Fourteenth Amendment. Both of those points are repeated throughout the opinion. *See, e.g., id.* at 667-68 (precedent establishes that state cannot convert fine into jail term solely because a defendant is indigent; state may not imprison a person "solely because he lacked the resources to pay" a fine); *id.* at 668-69 ("But if the probationer has made all reasonable efforts to pay the fine or restitution, and yet cannot do so thorough no fault of his own, it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing the defendant are available."); *id.* at 672 ("If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to

do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay.").

*Bearden*, then, does not hold that the Due Process Clause of the Fourteenth Amendment prohibits imposing nonincarcerative sanctions on a probationer for failing to pay fines or restitution. That requires us to reject defendant's argument, because he provides no other source of law from which that prohibition might emanate. *Bearden* stands only for the proposition that the court cannot imprison a probationer for failure to make required payments unless the probationer failed to make bona fide efforts to pay and alternatives to imprisonment are inadequate in a particular situation. 461 US at 672. This case does not present a situation in which the state seeks to imprison defendant for failing to meet the financial obligations of probation. Consequently, this case does not present the question of who has the burden of establishing bona fide indigence or its absence in a case where the prosecution does seek imprisonment. Further, nothing in this opinion implies that, even in a situation involving sanctions short of imprisonment, a court is prohibited from inquiring into the causes of a probationer's failure to make payments and adjusting its ruling accordingly.

Affirmed.