[Cite as *State v. Sheesley*, 2015-Ohio-4565.]

STATE OF OHIO         )                     IN THE COURT OF APPEALS
                           )ss:                NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

STATE OF OHIO

       Appellee

       v.

DENNIS J. SHEESLEY, JR.

       Appellant

C.A. No.      27585

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 11 02 0418

DECISION AND JOURNAL ENTRY

Dated: November 4, 2015

MOORE, Judge.

**{¶1}** Appellant, Dennis Sheesley, appeals an order of the Summit County Court of Common Pleas that extended his period of community control. This Court affirms.

I.

**{¶2}** In 2011, Mr. Sheesley pleaded guilty to two charges of receiving stolen property. The trial court sentenced him to two years of community control. The conditions required Mr. Sheesley to pay restitution in the amount of $1,800 to the victim of his crime and to report regularly to the adult probation department as directed. Mr. Sheesley did not do so, and in 2013, he was summoned to appear for a violation of the conditions of community control. Mr. Sheesley admitted that he had missed appointments with his probation officer and that he had only paid $350 toward the restitution, but argued that the nonpayment was due to inability to pay.

{¶3} The trial court inquired as to Mr. Sheesley's employment and determined that he was able to make payments toward the restitution. Through counsel, Mr. Sheesley requested that the trial court extend his period of community control instead of imposing a prison sentence, but objected to the restitution condition on constitutional grounds. The trial court extended Mr. Sheesley's community control sanction for one additional year. The extended community control conditions included monthly payments toward the balance of the restitution previously ordered. Mr. Sheesley filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE IT FAILED TO FIND THAT MR. SHEESLEY HAD AN ABILITY TO PAY AND WILLFULLY FAILED TO PAY HIS RESTITUTION PRIOR TO EXTENDING HIS COMMUNI[T]Y CONTROL IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE EQUAL PROTECTION CLAUSE AND THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶4} Mr. Sheesley's assignment of error is that the trial court erred by extending his community control term for an additional year without explicitly finding that he had ability to pay restitution and that his failure to do so was willful. We disagree.

{¶5} When the terms of a community control sanction are violated, a trial court "may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender * * *." R.C. 2929.19(B)(4). With respect to restitution, a trial court can revoke community control when there is evidence that the defendant had the ability to pay, but willfully or intentionally failed to do so. *State v. Breckenridge*, 10th Dist. Franklin No. 10AP-652, 2011-Ohio-1493, ¶ 12, citing *State v. Conway*, 10th Dist. Franklin No. 05AP-358, 2006-Ohio-288. This rule follows the guidance set forth in *Bearden v. Georgia*, 461

U.S. 660, 668-669 (1983), in which the United States Supreme Court held that a trial court cannot deprive a probationer of "conditional freedom" when "through no fault of his own, he cannot pay [a] fine." *Id.* at 672.

{¶6} In *State v. Pickett*, 12th Dist. Warren No. CA2014-09-115, 2015-Ohio-972, ¶ 19-20, the Twelfth District Court of Appeals recently considered whether the rule set forth in *Bearden* and its progeny should be applied to situations in which a trial court extends a term of community control instead of imposing a prison sentence. In *Pickett*, the defendant received judicial release, and his prison sentence was modified to three years of community control on condition that he pay $150,000 in restitution. *Id.* at ¶ 3. Three years later, the defendant requested termination of community control because he had met all of the conditions but one: payment of the entire amount of restitution. *Id.* at ¶ 4. The trial court denied the defendant's motion to terminate community control and, instead, extended it for another two years. *Id.* at ¶ 7. On appeal, the defendant argued that the trial court erred by extending his community control because of his inability to pay the restitution. *Id.* at ¶ 17-18. The Twelfth District rejected his reliance on *Bearden*, noting that the concerns at issue in that case were not present because the defendant remained at liberty:

> In *Bearden*, the probationer had borrowed money from his parents to make his first two payments. *Id.* at 662. Yet, with no income or assets, and having been unable to find work, the probationer was unsuccessful in making his additional payments and, consequently, was imprisoned. *Id.* at 673. The Supreme Court remanded the case to the lower court, finding that a probationer could not be imprisoned for failing to pay a fine when the lower court had failed to inquire into the reasons for the failure to pay. *Id.* at 674. * * * The Supreme Court's decision in *Bearden*, however, is limited and "stands only for the proposition that the court cannot *imprison* a probationer for failure to make required payments unless the probationer failed to make bona fide efforts to pay and alternatives to imprisonment are inadequate in a particular situation." (Emphasis added.) *State v. Bell*, 264 Or.App. 230, 233, 331 P.3d 1062 (2014). Therefore, as this case does not present a situation in which the state sought to imprison Pickett for his failure to pay his restitution order in full, nor is this a case in which the trial court

actually did imprison Pickett for such failure, we find the Supreme Court's decision in *Bearden* distinguishable from the facts here.

(Emphasis in original.)  *Pickett* at ¶ 18-19.

**{¶7}** We agree with the Twelfth District's reasoning.  In this case, Mr. Sheesley admitted that he violated two conditions of his community control, including the fact that he did not make restitution to the victim.  The trial court extended the period of community control for another year, attaching the condition that Mr. Sheesley make monthly payments toward reducing the balance of restitution owed to the victim.  The trial court did not revoke his community control or impose a prison sentence, so Mr. Sheesley has not suffered the loss of liberty contemplated by *Bearden.*  Under these circumstances, we agree with the Twelfth District Court of Appeals that the rule in *Bearden* does not apply, and Mr. Sheesley's assignment of error is overruled.

III.

**{¶8}** Mr. Sheesley's assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

DAWN M. KING, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RACHEL M. RICHARDSON, Assistant Prosecuting Attorney, for Appellee.