[Cite as *State v. Hodge*, 2022-Ohio-2748.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                          :
                                        :      Case Nos. 19CA20
    Plaintiff-Appellee,             :                19CA21
                                        :
    v.                              :
                                        :      DECISION AND JUDGMENT
DANITELEEN P. HODGE,                    :      ENTRY
                                        :
    Defendant-Appellant.            :      **RELEASED: 8/3/2022**

_____

APPEARANCES:

Katherine R. Ross-Kinzie, Assistant State Public Defender, Office of the Ohio
Public Defender, Columbus, Ohio, for Appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Andrea M.
Kratzenberg, Assistant Lawrence County Prosecutor, Ironton, Ohio, for Appellee.

_____

Wilkin, J.

{¶1} In this consolidated appeal, Appellant, Daniteleen P. Hodge, appeals

the Lawrence County Court of Common Pleas judgment entry of conviction in

two separate criminal cases.  Hodge pleaded guilty to identity fraud, falsification,

and grand theft of a motor vehicle in case number 19-CR-31; and to failure to

appear in case number 19-CR-160.  The trial court held a combined sentencing

hearing and imposed a prison term of 11 months for the identity fraud, 6 months

in jail for falsification, and 17 months imprisonment for grand theft of a motor

vehicle.  In addition, the trial court ordered Hodge to pay $1,400 in restitution to

Norman E. Gibson, II, the owner of the stolen vehicle.  As for the failure to

appear, the trial court sentenced Hodge to 17 months in prison.  The trial court

ordered all sentences to be served concurrently. Hodge challenges her sentences and raises four assignments of error for our review.

{¶2} Hodge first claims the trial court committed plain error when it failed to merge the identity fraud and falsification convictions since they are allied offenses of similar import. We disagree. Hodge committed two separate acts with separate animus warranting both convictions. When questioned by law enforcement, Hodge first denied knowing Mr. Gibson or borrowing a vehicle from him. But after being informed that the neighbor saw Mr. Gibson's vehicle at Hodge's residence and was driven by her, she recanted her unfamiliarity with Mr. Gibson by the end of her conversation with law enforcement. Hodge's denial of knowing Mr. Gibson was made to obstruct law enforcement's investigation of the vehicle's theft, thus, meeting the elements of the offense of falsification.

{¶3} In the same conversation, Hodge twice gave law enforcement the social security number of a different individual claiming it was her identifying information. Hodge did so to avoid being identified because she had an outstanding arrest warrant. Hodge's conduct of providing law enforcement with the identifier of another individual met the elements of identity fraud. Accordingly, Hodge in separate conduct (different statements) with distinct purpose committed multiple offenses that do not merge.

{¶4} In the second assignment of error, Hodge maintains the trial court failed to properly apply the 30-day jail-time credit to all of her concurrent sentences and is requesting a remand for a nunc pro tunc entry. We disagree that the jail-time credit was required to be applied to all sentences simply

because they were ordered to be served concurrently. This is because Hodge's failure to appear charges were not related to her previously indicted offenses. We nonetheless remand the matter to the trial court in order to accurately calculate Hodge's jail-time credit.

{¶5} In the third assignment of error, Hodge objects to being sentenced to an offense that was dismissed by the state. Hodge and the state reached a plea agreement that included dismissing one of the failure to appear offenses. However, the judgment of conviction entry includes a 17-month prison term for each count of failure to appear. This is improper. The error is further compounded by the trial court's failure at the sentencing hearing to specify which count it was sentencing Hodge to, Count One, or the dismissed Count Two. Therefore, we remand the matter for resentencing.

{¶6} In the final assignment of error, Hodge maintains her constitutional right to equal protection was violated claiming the trial court sentenced her to prison due to her financial inability to pay restitution. We disagree. First, Hodge was sentenced for the first time, her sentence was within the sentencing range, and it was imposed after the trial court considered all the applicable statutory provisions. Second, a review of the record reveals that any discussion to a sentence of community control if restitution was paid was pursuant to the state's plea offer, not a condition imposed by the trial court.

{¶7} The state initially offered to recommend a sentence of community control and not to proceed with the filing of new charges relating to Hodge's failure to appear, on the condition that she pays restitution at the next pre-trial

hearing. The offer was amended after Hodge failed to pay any amount of money toward restitution. The state's new offer was to dismiss one of the two counts of failure to appear if Hodge paid restitution. Hodge failed to pay restitution per the offer, thus, at disposition, the state and Hodge argued their position as to sentence. The trial court then imposed the appropriate sentence after considering the applicable statutory provisions and not because of Hodge's financial status. Wherefore, we affirm Hodge's sentence in case number 19-CR-31, but based on our resolution of the third assignment of error, we remand for resentencing in case number 19-CR-160.

FACTS AND PROCEDURAL BACKGROUND

{¶8} In December 2018, Deputy Tyler McGraw responded to a complaint of a possible theft of a 1993 Oldsmobile Cutless Supreme vehicle owned by Norman E. Gibson, II. The Deputy made contact with Mr. Gibson at the Lawrence County Municipal Court parking lot. According to Mr. Gibson, John Hodge and "Krystal" borrowed the vehicle from him but when he went to retrieve the vehicle, it was nowhere to be found. After speaking with Mr. Gibson, Deputy McGraw went to the residence identified by Mr. Gibson as the home of John and "Krystal." The Deputy observed an older model van parked in the driveway, but the license plate was registered to the 1993 Oldsmobile Cutless Supreme.

{¶9} A male subject identified himself as John Hodge and a female who identified herself as "Krystal F. Hodge" informed Deputy McGraw they did not know Mr. Gibson and they did not borrow any vehicle from him. The female provided a social security number that dispatch identified to a different subject

from Cleveland, Ohio. The female was again asked by Deputy McGraw to

provide her identification information:

> and she gave the same information as before. I told her that we were having trouble finding her information and she needed to provide the correct information. She then changed two numbers in the social security number she had given and it was run through dispatch. This came back to the Daniteleen Hodge and it was confirmed that there was a warrant for her arrest. She continued to deny that the name was her's however the social security number matched and the date of birth matched. Daniteleen was taken into custody at this time to validate what her actual identity is. Once we arrived at the Lawrence County Jail, [a] picture was used to confirm that the female subject was in fact Daniteleen Hodge and that she had given false information including a name and a social security number when she was asked to identify herself. She also admitted that she provi[ded] false information and that her actual identity was that of Daniteleen Hodge.

{¶10} On January 16, 2019, an indictment was issued accusing Hodge of

identity fraud, a fifth-degree felony; falsification, a misdemeanor in the first

degree; and grand theft of a motor vehicle, a fourth-degree felony. Hodge

pleaded not guilty to all three offenses at her arraignment on February 6, 2019.

The trial court continued Hodge's bond of $2,000 surety cash and $25,000 own

recognizance, but warned Hodge that if she is late, fails to appear to court, or

tests positive for drugs, the court will increase her bond. The matter was then

scheduled for pre-trial on March 13, 2019.

{¶11} At the pre-trial hearing, when Hodge's case was called by the trial

court, she was not there, although she was present earlier. Because Hodge was

there previously, the trial court did not issue a capias for her arrest and continued

the matter to March 20, 2019. Hodge failed to appear at the pre-trial hearing

scheduled for March 20. This time, the trial court issued a capias "due to her

failure to appear before the Lawrence County Court of Common Pleas on March 20, 2019, as Ordered by this Court."

{¶12} Hodge was arrested per the capias and made her first pre-trial hearing appearance on March 27, 2019. On May 1, 2019, an indictment was issued charging Hodge with two counts of failure to appear, both felonies in the fourth degree. On May 22 Hodge pleaded not guilty to the two new indicted offenses of failure to appear, and the trial court granted the state's request to consolidate the two criminal cases. The matter was continued for another pre-trial hearing.

{¶13} On June 5, 2019, Hodge appeared before the trial court and confirmed that she signed a plea agreement and jury waiver forms in both criminal cases. The state placed on the record that the agreement is for Hodge to plead guilty to all three offenses in 19-CR-31, and to only one offense of failure to appear in 19-CR-160, and the state would dismiss the second count of failure to appear. Hodge expressed her understanding of the plea agreement and the trial court proceeded with the plea colloquy.

{¶14} The trial court advised Hodge of the constitutional rights she waives by pleading guilty and the maximum penalty she faces for each offense. Additionally, the trial court informed Hodge that a guilty plea is a complete admission she committed the acts as charged. Hodge asserted her understanding of the court's notifications and the implications of her guilty plea. This included Hodge's understanding that once her guilty plea is accepted, the

trial court can proceed to sentencing and is not bound by any sentence recommendation from the state.

{¶15} Hodge pleaded guilty to the three offenses as charged in 19-CR-31: identity fraud, falsification, and grand theft of a motor vehicle.  She also pleaded guilty to one count of failure to appear in 19-CR-160.  The trial court accepted Hodge's guilty pleas and set the matter for sentencing.

{¶16} At sentencing, Hodge's counsel informed the trial court that she had some funds as payment for the restitution but she did not have the full amount. Counsel's statement prompted the trial court during a bench conference to communicate the agreement between the parties for a community-control sanction if Hodge paid the $1,400 restitution, but since she failed to pay, the parties were free to argue the appropriate sentence.

{¶17} The state requested an aggregate prison term of 34 months: 11 months in prison for the identify fraud conviction, 6 months in jail for the falsification offense, and 17-month prison term for grand theft of a motor vehicle, to be served concurrently to each other but consecutively to the 17-month prison sentence for failure to appear conviction.

{¶18} Hodge's counsel requested probation and stated "Ms. Hodge did not show up here empty handed today. She showed up with $600 dollars which is a significant portion of the agree - - of the restitution that is sought."  Hodge also addressed the trial court and petitioned for additional time to obtain the remainder of the restitution, and explained her tardiness to the hearing.

{¶19} Before announcing the sentence, the trial court recounted the history of the case with Hodge failing to appear for court and failing to remit the full restitution amount even after numerous extensions. The trial court then imposed the sentence: 11 months for identity fraud, 6 months in jail for falsification, 17 months for theft of an auto, and 17 months for failure to appear. The trial court ordered all sentences to run concurrently and for the grand theft of a motor vehicle, included a $1,400 restitution order to the victim Mr. Gibson. The state then reminded the trial court that Hodge was entitled to jail-time credit for time served, but the state and Hodge's counsel indicated they were not certain of the number of days. The trial court ordered that Hodge will receive credit for time served against her sentence and advised Hodge of her right to appeal.

{¶20} The hearing, however, did not conclude because Hodge interjected and informed the trial court that her social security benefit was deposited and she could retrieve $700 for payment toward restitution. The trial court reminded Hodge there was a deal but she failed to hold up her end, and denied her request for a second chance: "we did and you didn't show up, you failed to appear, you've been late twice. You have done everything - - I mean, this Court has been very, very lenient with you up to this point[.]" Moreover, the trial court noted that it continues to show leniency by imposing an aggregate prison term of 17 months and not following the state's recommendation of 34 months, notwithstanding Hodge's failure to appear, coming late to court, and extending the time for her to remit restitution.

**{¶21}** Hodge continued to plead with the judge for a more lenient sentence but the trial court emphasized that her sentence has been declared and Hodge has no more chances, albeit it granted her request for bond pending appeal.

**{¶22}** A couple of weeks later, on July 24, 2019, the trial court conducted a hearing solely in case number 19-CR-160, that relates to the failure to appear conviction, to resolve the issue of jail-time credit. Hodge was not present at the hearing but her counsel was. Hodge's counsel advised the trial court that the record of her only having four days is "impossible for that to be accurate," but he has no way of providing an accurate tally of her time in jail while charges were pending. Similarly, the state agreed that the jail-time credit is more than four days. After a short discussion, Hodge's counsel informed the trial court "I think thirty days would probably be a fair number[.]"

**{¶23}** The trial court acquiesced to counsel's 30-day stipulation and granted Hodge 30 days of jail-time credit. The trial court, however, stated that: "if she can put proof in front of us that its more than thirty days, I'll do a *Nunc pro tunc* Entry and I'll give her more than thirty days." (Emphasis sic.) The judgment of conviction entries are now before us.

ASSIGNMENTS OF ERROR

I.    THE TRIAL COURT ERRED IN VIOLATION OF DANITELEEN HODGE'S RIGHTS UNDER THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10 OF THE OHIO CONSTUTITION, AND R.C. 2941.25, WHEN IT FAILED TO MERGE FOR SENTENCING OFFENSES THAT HAD A SIMILAR IMPORT, AROSE FROM SAME CONDUCT, AND WERE NOT COMMITTED SEPARATELY OR WITH A SEPARATE ANIMUS.

II.     THE TRIAL COURT ERRED IN FAILING TO GRANT
        DANITELEEN HODGE CREDIT TOWARD CASE NO. 19-CR-31
        FOR TIME THAT SHE WAS HELD ON BOTH CASE NO. 19-CR-
        31 AND CASE NO. 19-CR-160 IN VIOLATION OF THE EQUAL
        PROTECTION CLAUSE AND R.C. 2967.191.

III.    THE TRIAL COURT ERRED WHEN IT INCLUDED A SENTENCE
        FOR A NOLLIED COUNT IN THE JUDGMENT ENTRY FOR
        CASE NO. 19-CR-160.

IV.     THE TRIAL COURT ERRED WHEN IT CONDITIONED A
        SENTENCE OF COMMUNITY CONTROL ON DANITELEEN
        HODGE'S PAYMENT OF FULL RESTITUTION IN VIOLATION
        OF HER RIGHTS TO EQUAL PROTECTION.

Assignment of Error I

{¶24} Hodge asserts the trial court committed plain error by failing to merge the identity fraud and falsification convictions because they were based on the same conduct.  Hodge claims her two charges are based on her statement providing law enforcement a different name associated with a different social security number than her own.  Further, the same conduct was committed with the same animus and resulted in the same harm of delaying officers to identify Hodge.  Hodge thus argues that the convictions should be merged as allied offenses of similar import.

{¶25} The state disagrees with Hodge's contentions that the offenses are based on the same conduct.  The state argues the falsification offense is based on Hodge informing Deputy McGraw that she was not familiar with Gibson and did not borrow a vehicle from him.  And Hodge providing Deputy McGraw with a different social security number associated with someone other than her own is the conduct for the identity fraud offense.  Therefore, two statements were made with separate motivation: to mislead the Deputy about the missing vehicle and to

avoid being arrested for an outstanding warrant. Consequently, the state asserts the convictions are not allied offenses of similar import.

{¶26} Hodge responds to the state's arguments and concedes that Deputy McGraw's "narrative supplement does contain the assertion that Ms. Hodge initially denied knowledge of Mr. Gibson and denied borrowing his Oldsmobile." Hodge urges this court not to parse out her statements as they were made in the same conversation with Deputy McGraw and were committed with the same animus to avoid responsibility and caused the same harm of delaying the investigation.

STANDARD OF REVIEW

{¶27} "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords protections against the imposition of multiple criminal punishments for the same offense." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 16, citing *Hudson v. United States*, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). The prohibition against multiple punishments is codified in R.C. 2941.25, which provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

The Supreme Court of Ohio elaborated that

> when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31.

**{¶28}** "The defendant bears the burden of establishing his entitlement to the protection, provided by R.C. 2941.25, against multiple punishments for a single criminal act." *State v. Mughni*, 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987). We review de novo the trial court's merger determination of allied offenses. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 1. In the matter at bar, Hodge failed to object to the trial court sentencing her to both identity fraud and falsification. Thus, by failing to raise the issue of allied offenses of similar import, Hodge

> forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

*Rogers* at ¶ 3.

ANALYSIS

**{¶29}** Hodge was convicted of falsification in violation of R.C.

2921.13(A)(3),[1] that provides:

> No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies: * * * (3) The statement is made with purpose to mislead a public official in performing the public official's official function.

**{¶30}** For the identity fraud, the conviction was based on Hodge violating

R.C. 2913.49(B)(1), which states:

> No person, without the express or implied consent of the other person, shall use, obtain, or possess any personal identifying information of another person with intent to do either of the following: (1) Hold the person out to be the other person.

**{¶31}** As we review Hodge's multiple statements to Deputy McGraw, we

agree with the state that Hodge's convictions are not allied offenses of similar

import.  Hodge committed two separate acts with separate animus.

> "Animus" is defined for purposes of R.C. 2941.25(B) as " 'purpose' or 'more properly, immediate motive.'"  "If the defendant acted with the same purpose, intent, or motive in both instances, the animus is identical for both offenses."  Animus is often difficult to prove directly, but must be inferred from the surrounding circumstances. (Citations omitted).

*State v. Fisher*, 4th Dist. Washington No. 13CA25, 2014-Ohio-4257, ¶ 17.

**{¶32}** During Hodge's interaction with Deputy McGraw, who was

investigating the theft of Mr. Gibson's Oldsmobile, Hodge denied knowing Mr.

---

[1] In case number 19-CR-31, the indictment, guilty plea judgment form, and the judgment of conviction entry incorrectly identified the falsification offense numerically as a violation of subsection (2).  The wording used, however, in the indictment and at the change of plea hearing correspond to the language in subsection (3).  Neither party addresses this clerical discrepancy and based on their arguments, none contest that subsection (3) of R.C. 2921.13(A) is the one that Hodge violated.  Accordingly, we disregard the numerical error for purposes of our analysis.

Gibson or having borrowed a vehicle from him. This statement was false. Hodge acknowledged her false declaration after Deputy McGraw confronted her with the neighbor reporting previously seeing the Oldsmobile and observing Hodge driving it. This satisfies the elements of the falsification offense and we can discern from the surrounding circumstances that Hodge's animus was to hinder Deputy McGraw's investigation of Mr. Gibson's missing vehicle.

{¶33} Hodge's criminal conduct did not end there. Hodge continued to mislead Deputy McGraw but now to avoid being arrested. Hodge provided Deputy McGraw the social security number of someone else claiming to be her own. This was not in error in which she provided the same information a second time. The social security number was identifying information of a different individual residing in Cleveland, Ohio. Hodge, thus, committed identity fraud. The animus for this offense was to obscure her identity as there was an outstanding warrant for Hodge's arrest.

{¶34} We decline Hodge's assertion that we consider her complete interaction with Deputy McGraw as one conduct—one statement. Hodge does not present any legal authority or persuasive argument why her statement denying to know Mr. Gibson should not be considered in isolation with her future proclamation that the social security number she provided was her identifying information. Rather, we find multiple statements made during one conversation similar to multiple sexual activity occurring in the same assault. " '[R]ape involving different types of sexual activity, such as vaginal intercourse, digital penetration, and oral intercourse, arise from distinct conduct and are not

considered allied offenses, even when committed during the same sexual assault.' " *State v. Lykins*, 4th Dist. Adams No. 18CA1079, 2019-Ohio-3316, ¶ 64, quoting *State v. Townsend*, 8th Dist. Cuyahoga No. 107186, 2019-Ohio-1134, ¶ 70. Hodge made separate statements with a separate animus for each statement irrespective they were rendered in the same conversation.

**{¶35}** We find no plain error by the trial court in imposing separate sentences for Hodge's identity fraud and falsification offenses. Hodge's convictions are affirmed and her first assignment of error is overruled.

ASSIGNMENT ERROR II

**{¶36}** Under the second assignment of error, Hodge argues the trial court by awarding the 30-day jail-time credit against one of her concurrent sentences and not against all of them violated the Equal Protection Clause and R.C. 2967.191. According to Hodge, the trial court is required to apply the jail-time credit to all prison terms when the sentences are ordered to be served concurrent to each other. And here, the trial court failed to comply with the law and only applied the 30-day jail-time credit for the failure to appear sentence in 19-CR-160. The state takes no position as to this assignment of error.

ANALYSIS

**{¶37}** "The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. R.C. 2967.191(A) codifies a defendant's equal protection right to credit for prior incarceration in which it states:

The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19of the Revised Code, and confinement in a juvenile facility.

The Supreme Court of Ohio held:

when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.

*Fugate* at ¶ 12.

**{¶38}** Hodge relies blanketly on the holding in *Fugate* in support of her claim that she is entitled to the 30-day jail-time credit for all of her concurrent sentences.  But as we have previously held "an offender is not entitled to jail-time credit for any period of incarceration that arose from facts that are separate and apart from those on which his current sentence is based."  *State v. Carpenter*, 4th Dist. Meigs No. 16CA11, 2017-Ohio-9038, ¶ 34, citing *State v. DeMarco,* 8th Dist. Cuyahoga No. 96605, 2011-Ohio-5187, ¶ 10.  Accordingly, "R.C. 2967.191 is inapplicable when the offender is imprisoned as a result of another unrelated offense."  *Id.*  "This means that there is no jail-time credit for

time served on unrelated offenses, even if that time served runs concurrently during the predetention phase of another matter." *Id.*

{¶39} In the matter at bar, while Hodge was on bail during her falsification, identity fraud and grand theft of a motor vehicle criminal proceedings, she left early in one hearing and failed to appear at another hearing. As a result, a new indictment was filed in May accusing her of committing two counts of failure to appear offenses, resulting in a new criminal proceeding. These cases are not related to each other and the jail-time served under the prior proceeding, 19-CR-31, should not apply to the failure to appear proceeding, 19-CR-160. *See State v. Keys*, 10th Dist. Franklin No. 99AP-1116, 2000 WL 1455308, *3 (Sept. 29, 2000) ("the commission of the first offense (possession of a controlled substance) did not constitute the second offense (failure to appear). Because the offenses are unrelated, defendant is not entitled to additional jail time credit under R.C. 2967.191.")

{¶40} The trial court here did not apply any jail-time credit in 19-CR-31 and instead found that "All credit for time served has been taken into consideration in case number 19-CR-60."[2] This was erroneous because "an offender is not entitled to jail-time credit for any period of incarceration that arose from facts that are separate and apart from those on which his current sentence is based." *Carpenter* at ¶ 34, citing *State v. DeMarco*, 8th Dist. Cuyahoga No. 96605, 2011-Ohio-5187, ¶ 10. Therefore, any time served prior to the initiation of

---

[2] The correct case number is 19-CR-160.

the failure to appear proceedings should not be calculated as jail-time credit in that case, but should be calculated for the prior proceedings.

{¶41} We are mindful that calculating jail-time credit can be complicated when a defendant is charged with multiple crimes committed at different times. *See Id.* But a defendant is entitled to credit for all time served and "it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St. 3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7. Although not argued by Hodge, we must address the 30-day jail-time credit determination. The calculation is not supported by the record and we cannot reliably ascertain that it was stipulated to.

{¶42} At the hearing to address jail-time credit solely on the failure to appear matter, 19-CR-160, the state informed the trial court that the "jail has records saying [Hodge] has four days of credit." Without any contradictory documentation, both the state and Hodge's counsel found the number to be inaccurate based on their recollection and thought it would be more than four days. The trial court interjected "I'm thinking about just picking a number[,]" but did not believe "there'd be more than thirty days." Hodge's counsel thought 30 days was a fair number and agreed to stipulate to that number. The trial court then declared: "There we go. Thirty days and I know we've got - - she did not serve thirty days. * * * And I tell ya what, if she can put proof in front of us that its more than thirty days, I'll do a *Nunc pro tunc* Entry and I'll give her more than thirty days." (Emphasis sic.) Hodge's counsel agreed: "Fill thirty days in and you

can just put my signature on it." The state reiterated that Hodge "deserves credit for every day she's served." The trial court ended the discussion by again finding that "we tried to err on the side of caution and give her more time."

**{¶43}** The trial court did not conduct any hearing to determine the jail-time credit relating to the initial criminal proceedings, 19-CR-31 (identity fraud, falsification, and theft of a motor vehicle.) Because the trial court did not apply any jail-time credit in case number 19-CR-31 and failed to properly ascertain the number of days Hodge was incarcerated during both proceedings, we remand the matter for the trial court to accurately calculate the jail-time credit Hodge is entitled to for each of her criminal cases. Based on our resolution of the issue, Hodge's second assignment of error is sustained in part.

## ASSIGNMENT OF ERROR III

**{¶44}** Hodge requests under the third assignment of error for us to remand the case to the trial court in 19-CR-160 to issue a nunc pro tunc entry. At the sentencing hearing, the trial court imposed a sentence for only one of the failure to appear offenses since the state dismissed the second offense, but in the judgment of conviction entry, the court imposed a sentence for both offenses. Hodge also notes the guilty plea entry contains a clerical error in which it states Hodge pleaded guilty to the second count of failure to appear, but Hodge pleaded guilty to the first count. The state takes no position as to this assignment of error.

## ANALYSIS

**{¶45}** The Supreme Court of Ohio made clear a judgment of conviction entry " 'requires a full resolution of those counts *for which there were convictions.* It does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings.' " (Emphasis sic.) *State ex rel. Davis v. Cuyahoga Cty. Ct. of Common Pleas*, 127 Ohio St. 3d 29, 2010-Ohio-4728, 936 N.E.2d 41, ¶ 2, quoting *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus.  Therefore, "a court cannot sentence a defendant on a count that has been dismissed."  *State v. Smead*, 9th Dist. Summit No. 24903, 2010-Ohio-4462, ¶ 10.

**{¶46}** In the matter at bar, the trial court committed error by including a sentence for Count Two, failure to appear, in its judgment of conviction entry since the count was dismissed.  Under normal circumstances, we would simply remand the matter to the trial court to issue a nunc pro tunc entry to correct the clerical error when at the disposition hearing the court did not impose a sentence for the dismissed count.  *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 296, ¶ 19 (Trial courts retain jurisdiction to correct judgment entries to reflect what the court actually decided.)

**{¶47}** We are unable to do so here and must remand the matter in case number 19-CR-160 for resentencing.  This is because at the disposition hearing, the trial court failed to specify which count of the failure to appear conviction it sentenced Hodge to: "In 19-CR-160, the Failure to Appear case, I'm sentencing you to seventeen months in the appropriate penal institution[.]"  Further, in the

judgment of conviction entry it incorrectly specifies that Hodge pleaded guilty to both counts of failure to appear and that the trial court found her guilty of both counts.

**{¶48}** We are therefore unable to ascertain as to which count of failure to appear the trial court imposed the 17-month prison term. Accordingly, the matter is remanded to the trial court for resentencing.[3] Based on our resolution of the issue, Hodge's third assignment of error is sustained in part.

ASSIGNMENT OF ERROR IV

**{¶49}** Under the fourth assignment of error, Hodge maintains the trial court violated her constitutional right to equal protection by conditioning a community-control sentence to her paying the full $1,400 restitution amount. Thus, according to Hodge, the trial court imprisoned her based solely on her inability to pay, and the court failed to consider alternative sentences.

**{¶50}** The state asserts Hodge's reliance on *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), is misplaced since it is limited to a trial court's imprisonment of a probationer for failing to make required payments. Here, Hodge was sentenced for the first time. Further, Hodge was aware of the maximum sentence she faced by pleading guilty to the four offenses, and her sentence was less than the maximum 48 months in prison.

---

[3] The remand for resentencing is limited to the sentence imposed in 19-CR-160 because "only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review by the trial court." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph three of the syllabus.

{¶51} In response, Hodge requests we extend *Bearden* to the facts of the case here because the trial court sentenced her to prison "where it otherwise found community control an appropriate penalty based solely on her inability to pay full restitution."

ANALYSIS

{¶52} "[C]onstitutional guaranties of due process and equal protection both call for procedures in criminal trials which allow no invidious discriminations between persons and different groups of persons." *Griffin v. Illinois*, 351 U.S. 12, 17, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Therefore, "the aim of our entire judicial system – all people charged with crime must, so far as the law is concerned, 'stand on an equality before the bar of justice in every American court.' " *Id.*, quoting *Chambers v. Florida*, 309 U.S. 227, 241, 60 S.Ct. 472, 84 L.Ed. 716 (1940). Wherefore, the United States Supreme Court held that

> a State may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine. A statute permitting a sentence of both imprisonment and fine cannot be parlayed into a longer term of imprisonment than is fixed by the statute since to do so would be to accomplish indirectly as to an indigent that which cannot be done directly. We have no occasion to reach the question whether a State is precluded in any other circumstances from holding an indigent accountable for a fine by use of a penal sanction. We hold only that the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status.

*Williams v. Illinois*, 399 U.S. 235, 243-244, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970).

{¶53} The following year, the United States Supreme Court in *Tate v. Short*, held that "the Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the

defendant is indigent and cannot forthwith pay the fine in full."  401 U.S. 395, 398, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971).

{¶54} Turning now to *Bearden* in which the United States Supreme Court was asked to determine "whether the Fourteenth Amendment prohibits a State from revoking an indigent defendant's probation for failure to pay a fine and restitution."  461 U.S. 660, 661, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).  The court concluded that "if the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it."  *Id.* at 667-668.  The court thus held:

> in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reason for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority.

*Id.* at 672.

{¶55} We agree with the state that *Bearden* is inapplicable.  The defendant in *Bearden* was sentenced to probation and as a condition was ordered to pay restitution.  *Bearden* at 662.  The state moved to revoke Bearden's probation after he failed to pay the full restitution amount, which the trial court granted.  *Id.* at 663.  The court revoked his probation and sentenced Bearden to prison.  Here, on the other hand, Hodge was facing sentencing for the first time and not as a probation violation.  This is a critical distinction as we find the Twelfth District Court of Appeals' decision in *State v. West* persuasive.  In *West* the court concluded *Bearden* was limited to imprisonment as a result of a

probationer failing to make the required payments and not to defendants facing

sentencing for the first time.  2018-Ohio-640, 106 N.E.3d 96, ¶ 39-40 (12th Dist.).

In *West*, the Twelfth District reiterated:

> "[t]he Supreme Court's decision in *Bearden* * * * is limited and 'stands only for the proposition that the court cannot *imprison* a probationer for failure to make required payments unless the probationer failed to make bona fide efforts to pay and alternatives to imprisonment are inadequate in a particular situation.' " (Emphasis sic.) *State v. Pickett*, 12th Dist. Warren No. CA2014-09-115, 2015-Ohio-972, 2015 WL 1159701, ¶ 19, quoting *State v. Bell*, 264 Or.App. 230, 233, 331 P.3d 1062 (2014).
>
> Unlike the defendant in Bearden, West was not a probationer being sentenced to a prison term for his failure to pay previously ordered restitution. Rather, West was a defendant facing sentencing for the first time after entering a guilty plea to two second-degree felonies. Prior to June 5, 2017, the court had not imposed a sentence on West and had not ordered restitution. When West appeared before the court on that date, the court was required to impose a sentence in compliance with Chapter 2929 of the Revised Code. R.C. 2929.13(D)(1) provides a presumption in favor of a prison term for a second-degree felony offense, and R.C. 2929.14(A)(2) specifies that the adequate remedy for such an offense is a prison term of "two, three, four, five, six, seven, or eight years." Therefore, when the court imposed a six-year prison term on West after considering the principles and purposes of sentencing and the seriousness and recidivism factors set forth in R.C. 2929.11 and 2929.12, the court was not penalizing West for not having the funds to repay his victims. When West appeared before the court on June 5, 2017, he was in the same position, facing the same potential sentence, that he had been in when he initially entered his guilty plea in May 2015. The statutory ceiling placed on imprisonment for West's offenses was the same for any defendant convicted of a second-degree felony, regardless of the defendant's economic status. *See Williams*, 399 U.S. at 244, 90 S.Ct. 2018.

*Id.*

{¶56} Similarly here, Hodge was sentenced for the first time and faced the

same sentencing range as any other defendant with the same convictions.  And

Hodge does not dispute that the trial court complied with the statutory provisions

before imposing the aggregate prison term of 17 months.  An imprisonment that is within the "authorized range of its statutory authority."  *Bearden* at 672.  Furthermore, at disposition, the trial court advised Hodge that the court continues to be lenient with her and elected not to follow the state's recommendation of 34 months imprisonment, despite the fact that Hodge was late to several court hearings and failed to appear to one of the hearings.

{¶57} Moreover, it was the state that recommended a community-control sanction if Hodge paid full restitution to Mr. Gibson.  The trial court merely reiterated the state's offer and its inclination to accept it.

{¶58} The state made the first plea offer at the pre-trial hearing of March 27.  During a bench conference, the trial court advised Hodge that new charges are forthcoming, but then the state exclaimed that restitution is $1,400 and that an offer is on the table in which the state would recommend a probation sentence of 28 months.  The Court then declared that the alternative sentence would be 17 months in prison.  Hodge's counsel discussed the state's offer with her and the bench conference concluded.

{¶59} Counsel notified the court that Hodge "can come up with that money in about two months."  Hodge's counsel inquired whether the court wished to proceed with the plea today and continue the matter for sentencing, or place Hodge on house arrest or GPS monitoring in order for her to obtain the restitution money.  The trial court scheduled the matter for trial on June 24, with the final pre-trial hearing on May 22.  Before concluding the hearing, the trial court stated that Hodge

can plead that day pursuant to the offer of the State and I will accept it. If she doesn't, I would not expect her to plea at that point because she's getting seventeen months incarceration in the appropriate penal institution that's why I wanted to go ahead and set the trial date so that we don't wait two months and then come in no restitution[.]

{¶60} Hodge's counsel agreed with the trial court's statement. The trial court reiterated the state's interest in getting restitution for the victim in this case. Hodge was also reminded that the state will file new charges for her failure to appear in court, but will be inclined to dismiss the charges if restitution is paid. Hodge responded that she understood the terms of the state's offer and that on May 22, if she has the restitution amount, the state will not proceed with the new charges of failure to appear.

{¶61} On May 22, Hodge pleaded not guilty to the new indicted offenses of failure to appear. The trial court placed on the record the state's amended plea offer:

And then it was my understanding, based on the agreement that was discussed last time, if full restitution was paid today, this would end up being a Community Control case and if restitution was not paid uh, the State would entertain a plea of - - plea to the charges in 19-CR-31, seventeen months incarceration in the appropriate penal institution and would dismiss the charges in 19-CR-160. Or if no agreement, we would just proceed on all cases.

{¶62} Neither Hodge nor her counsel contested the trial court's recitation of the state's plea offer and informed the trial court: "Ms. Hodge does not have the restitution available." Hodge explained that she is on a fixed income but she could obtain $400 by June 1, and the remainder of the money by July 1. Hodge's counsel then requested a continuance in order to give Hodge more time to obtain the money "with the understanding that any prior deal that had been made was commissioned on her paying today, which has not happened." The trial court

questioned Hodge's sincerity since if she can obtain $400 a month on her fixed income, she should have had that amount for the months of April and May. The following exchange then occurred:

> [Hodge]: Well, that's what I'm saying - - I'll have - - that's what I'm saying, now I will have it Friday. This come - - not this Friday …
> [Judge]: You'll have it all?
> [Hodge]: … but the follow - - yeah, I have it in the 1st week of June is when I'll have it.
> [Judge]: Every bit of it?
> [Hodge]: Yeah.

**{¶63}** At the conclusion of the change of plea hearing, the trial court scheduled the matter for disposition indicating that the future sentencing date gives Hodge another chance to obtain the restitution amount. At the sentencing hearing, the trial court repeated the agreement for community-control sanction if restitution was paid. But because Hodge failed to obtain the full restitution amount, "we'll just argue sentencing." The trial court proceeded with the hearing by first evaluating arguments from both counsel of their position on sentencing and statements from Hodge. The trial court then applied the statutory provisions to Hodge's criminal actions and her conduct at the court proceedings before announcing sentence.

**{¶64}** We overrule Hodge's fourth assignment of error since her claims lack legal merit and are not supported by the record of the case.

## CONCLUSION

**{¶65}** We affirm Hodge's convictions and her sentence for identity fraud, falsification, and grand theft of a motor vehicle. With regard to those offenses, however, we remand the matter for the limited purpose of calculating Hodge's

jail-time credit.  We similarly affirm Hodge's failure to appear conviction, but

remand that case for resentencing.


**JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART AND THE CAUSE IS REMANDED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and the CAUSE IS REMANDED. Appellant and appellee shall split equally the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
        Kristy S. Wilkin, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**