[Cite as *State v. Hodge*, 2024-Ohio-207.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                    :        Case Nos. 23CA22
                                                    23CA23
    Plaintiff-Appellee,         :

    v.                          :        <u>DECISION AND</u>
                                          <u>JUDGMENT ENTRY</u>
DANITELEEN P. HODGE,              :

    Defendant-Appellant.        :        **REALEASED 1/10/2024**
_____
<u>APPEARANCES</u>:

Autumn D. Adams, Toledo, Ohio, for appellant.

Brigham M. Anderson, Lawrence County Prosecutor, Steven K. Nord, Lawrence County Assistant Prosecutor, Ironton, Ohio, for appellee.
_____
Hess, J.

**{¶1}** Daniteleen P. Hodge appeals the imposition of a prison term following a resentencing hearing conducted upon remand as ordered in *State v. Hodge*, 4th Dist. Lawrence Nos. 19CA20, 19CA21, 2022-Ohio-2748. Hodge argues that the trial court's sentence is not consistent with the principles and purposes of sentencing because the trial court imposed a prison term. She contends a prison term was not warranted because she has not incurred any new criminal charges from the time she was initially convicted until the time her case was remanded for resentencing and therefore she was not likely to reoffend. However, we find that Hodge's challenge to the trial court's prison sentence is barred by res judicata. In her first appeal, she challenged certain aspects of her sentence. We granted, in part, several of her assignments of error. Our remand for resentencing was limited to (1) recalculating her jail-time credit days and (2) identifying the correct failure to appear count she was convicted of and which failure to appear count

had been dismissed. If Hodge believed her prison term could be challenged under the felony sentencing statute, she could have raised it in her initial appeal. And, in fact, in her first appeal she challenged the constitutionality of her prison term. Her argument here is barred by the doctrine of res judicata.  We overrule her sole assignment of error and affirm the trial court judgment.

## I.  PROCEDURAL HISTORY

{¶2}   The facts and procedural history are set forth in detail in *State v. Hodge*, 4th Dist. Lawrence Nos. 19CA20, 19CA21, 2022-Ohio-2748, ¶ 8 – 23. Important for this appeal are our findings on her sentencing and our limited remand for resentencing.

{¶3}   Hodge pleaded guilty to identity fraud, falsification, grand theft of a motor vehicle, and failure to appear.  She was charged with a second failure to appear count, which was dismissed by the state. The trial court sentenced her to an 11-month prison term for identity fraud, a 6-month jail term for falsification, a 17-month prison term for grand theft, and a 17-month prison term for failure to appear. The trial court ordered all sentences to be served concurrently for a total 17-month prison term. *Hodge* at ¶ 1.

{¶4}   Hodge raised four assignments of error all related to her sentencing. She argued that her identity fraud and falsification convictions should have merged as allied offenses of similar import and we rejected that. *Hodge* at ¶ 2-3, 24-35.  She argued that the trial court failed to properly apply her jail-time credit to all of her concurrent sentences. We rejected that in part, but remanded the matter in order to have the actual number of days of jail-time credit accurately calculated. *Hodge* at ¶ 4, 36-43. She argued that she was incorrectly sentenced on both failure to appear counts, even though one of the counts was dismissed by the state. She requested a nunc pro tunc order to correct that error. However, we remanded for a rehearing on that error because in the sentencing hearing

transcript, although the trial court clearly only sentenced her on one count of failure to appear, the judge did not identify if that was count one or count two. Therefore we did not believe the error could be corrected with a nunc pro tunc entry and we remanded it for resentencing for the trial court to identify on which failure to appear count Hodge had been convicted and which had been dismissed. *Hodge* at ¶ 5, 44-48.

**{¶5}** Upon remand, the trial court scheduled a resentencing hearing for September 2022, but Hodge failed to appear. The resentencing hearing eventually took place in May 2023. The trial court properly limited the scope of the resentencing hearing to the narrow matters to be addressed on remand. It corrected the actual days of jail-time credit from 30 to 42 days and corrected the sentencing on the failure to appear to identify that Hodge was convicted on count two- failure to appear and that count one-failure to appear had been dismissed by the state.

**{¶6}** Hodge filed this appeal from the resentencing judgment entries.

## II.  ASSIGNMENT OF ERROR

**{¶7}** Hodge presents one assignment of error:

I.      The imposition of a prison sentence is not consistent with the principles and purposes of sentencing as Appellant incurred no new criminal charges in the 4 years this case took to resolve, showing clearly that Appellant's conduct was not likely to occur again.

## III.  LAW AND ANALYSIS

**{¶8}** Hodge argues that the trial court's imposition of a prison sentence was inconsistent with the recidivism factor in R.C. 2929.12(E)(4) because her behavior showed that her offenses were committed under circumstances not likely to recur. However, she also concedes that nothing in the statutory framework for felony sentencing review permits an appellate court to independently weigh the record and substitute its

judgment for that of the trial court concerning whether the sentence best complies with the seriousness and recidivism factors of R.C. 2929.12 or the purposes and principles set out in R.C. 2929.11. *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649; R.C. 2953.08(G)(2). We do not reach the merits of Hodge's assignment of error because it is barred by res judicata.

{¶9} The scope of Hodge's resentencing hearing was limited to a recalculation of her jail-time credit days and a correction to identify the proper failure to appear count for which she was convicted. Therefore only those limited matters were affected by the appeal and were reviewed at the resentencing hearing. The sentences not affected by the appealed errors were not vacated – that includes her prison terms – and were not subject to review by the trial court. *State v. Wilson,* 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. Hodge cannot take advantage of the resentencing to challenge other portions of her original sentence. *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph three of the syllabus.

> When a defendant fails to appeal the sentence for a certain offense, he cannot take advantage of an error in the sentence for an entirely separate offense to gain a second opportunity to appeal upon resentencing. To hold otherwise would essentially abrogate the doctrine of res judicata for multicount sentences and precludes finality in sentencing. Accordingly, a defendant who fails on direct appeal to challenge the sentence imposed on him for an offense is barred by res judicata from appealing that sentence following a remand for resentencing on other offenses.

*State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 19.

{¶10} In her first appeal Hodge could have challenged and did, in fact, appeal the imposition of a prison term on all of the counts for which she was convicted. Because the only matters that the trial court could properly review on remand were the jail-time credit calculation and identification of the proper count associated with the failure to appear conviction, only those two matters are subject to appeal following the resentencing. For

example, if she believed that the trial court had still improperly calculated the number of jail-time credit days, she could have appealed that purported error.

**{¶11}** Trial courts have no authority to extend the scope of remand limited by a mandate of an appellate court. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984), citing *Briggs v. Pennsylvania RR. Co.*, 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948). Therefore the trial court could not have altered any of the prison terms to which it had originally sentenced her as that would have been beyond the scope of the remand authority. Hodge's attempt to challenge her prison term now is barred by res judicata. *State v. Walters*, 4th Dist. Adams No. 16CA1032, 2017-Ohio-5722, ¶ 13.

## IV. CONCLUSION

**{¶12}** We overrule Hodge's sole assignment of error as barred by the doctrine of res judicata. The judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the LAWRENCE COUNTY COMMON PLEAS COURT to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**